UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MAAZ ISRAR,

    Plaintiff,

vs.

CAVALRY PORTFOLIO
SERVICES, LLC,

    Defendant.
_____/

Case No.: 0:21-cv-61531-AHS

Honorable Raag Singhal
Judge Presiding

Honorable Alicia O' Valle
Magistrate Judge

**CAVALRY'S MOTION TO TRANSFER PURSUANT TO THE
"FIRST-FILED RULE" AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, Cavalry Portfolio Services, LLC ("Defendant" or "Cavalry"), by and through its counsel, Maurice Wutscher, LLP, respectfully submit this Motion to Transfer pursuant to the "First-Filed Rule" and Memorandum of Law in Support.

**INTRODUCTION**

This case tests the appropriateness of maintaining multiple cases against a common defendant under the same factual and legal arguments, seeking the same relief, when the first-filed case is a putative class action. And as is the case here, the plaintiff would be a member of the first-filed putative class, *Ciccone, et al. v. Cavalry Portfolio Services, LLC, et al.,* 2:21-cv-2428-JS-ATK, pending in the United States District Court for the Eastern District of New York ("*Ciccone*"; a copy of the operative complaint is attached hereto as **Exhibit A**; copy of the *Ciccone* Docket Report is attached hereto as **Exhibit B**) which seeks to certify a nationwide class of similarly situated consumers who are all allegedly aggrieved by Cavalry, of which Plaintiff is one.

As evidenced below, the allegations in the Plaintiff's Complaint raise identical issues of law, require the resolution of identical issues of fact, and arise from the alleged manner by which

Cavalry effectuates delivery of written correspondence to account obligors as is at issue in the "first-filed" case, *Ciccone*. Specifically, the Plaintiff's Complaint, as does the complaint in *Ciccone*, asserts claims pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), specifically § 1692c(b)[1], based upon the Eleventh Circuit's recent opinion, *Hunstein v. Preferred Collection & Mgmt. Servs.*, 994 F.3d 1341 (11th Cir. 2021) ("*Hunstein*"). In *Hunstein*, the allegations were that the debt collector defendant had engaged a third party letter vendor to prepare and mail correspondence on its behalf to Hunstein and, in order to do so, had provided the vendor with information regarding a debt owed by Hunstein, including "(1) his status as a debtor, (2) the exact balance of his debt, (3) the entity to which he owed the debt…" in violation of the FDCPA, 15 U.S.C. § 1692c(b), which prohibits such disclosures to third parties except in certain circumstances, which were not applicable. *Hunstein v. Preferred Collection & Mgmt. Servs.*, 994 F.3d 1341, 1345. The Eleventh Circuit reversed the lower court's granting of a motion to dismiss, instead holding that a "debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b)." *Id.*

As *Ciccone* brings claims on behalf of a purported nationwide class, if certified, that first-filed case would include the Plaintiff here as a class member. As such, Plaintiff's Complaint is clearly duplicative of the first-filed putative class action. To stop such cases from advancing any further, and as discussed below, Courts, including within the Eleventh Circuit, have broad

---

[1] 15 U.S.C. § 1692c(b) provides that "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

discretion to transfer such later filed, duplicative complaints under the "first-filed rule". This Court should exercise such discretion and transfer this action to the Court with jurisdiction over the first-filed action for disposition.

## PROCEDURAL HISTORY

### I. PLAINTIFF'S ACTION

On July 3, 2021, the Plaintiff filed his Complaint (*ECF No*. 1-3) against Cavalry in the County Court of the Seventeenth Judicial Circuit, Broward County, Florida, alleging violations of the FDCPA and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72, et seq. (the "FCCPA") and seeking statutory damages, actual damages and injunctive relief, as well as attorneys' fees. *Complaint*, ¶¶ 36, 40. On July 27, 2021, Cavalry removed the action to the United States District Court for the Southern District of Florida (*ECF No*. 1). The instant motion follows.

### II. *CICCONE*

On or about April 30, 2021, plaintiff Ciccone filed his class action complaint in the United States District Court for the Eastern District of New York, alleging violations of the FDCPA against Cavalry and related entity Cavalry SPV I, LLC ("SPV") on behalf of a purported class of consumers similarly situated in the State of New York and seeking statutory and actual damages, as well as attorneys' fees. *See,* **Exhibit B**. Thereafter, on May 6, 2021, Ciccone filed an amended class action, identical to the initial pleading but now brought on behalf of a purported class of consumers similarly situated in the United States. *See,* **Exhibit A**. Both Cavalry and SPV answered the complaint on August 5, 2021. *See,* **Exhibit B**. The Court has set an initial conference for September 1, 2021. *Id.*

# ARGUMENT

I.  **STANDARD OF REVIEW**

As the Eleventh Circuit has articulated:

> The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case. Thus, we have held that [w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.

*Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) (citations and quotations omitted). "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Savage v. Seterus, Inc.*, No. 2:19-CV-14256, 2020 U.S. Dist. LEXIS 6670, at *5 (S.D. Fla. Jan. 15, 2020) (internal quotations omitted). "The first to file rule is grounded in principles of comity and sound judicial administration. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 U.S. Dist. LEXIS 141692, at *2-3 (S.D. Fla. Oct. 1, 2012) (internal quotations omitted).

"The first-filed rule is a rule of equity", *Collegiate Licensing Co.*, 713 F.3d 71, 80, and "[t]he grant of equitable relief is a matter of judicial discretion." *Preferred Sites, LLC v. Troup Cty.*, 296 F.3d 1210, 1220 (11th Cir. 2002). In applying the rule and exercising its discretion, the Court should consider the following factors: "1) the chronology of events; 2) the similarity of the parties involved; and 3) the similarity of the issues or claims at stake." *Young v. W. Publ"g Corp.*, No. 09-22426-CIV-MORE, 2010 U.S. Dist. LEXIS 154665, at *4 (S.D. Fla. Jan. 6, 2010); see, also, *Rodriguez v. Granite Servs. Int'l*, No. 8:20-cv-2129-T-33JSS, 2020 U.S. Dist. LEXIS

214911, at *5 (M.D. Fla. Nov. 18, 2020) (same); *Savage v. Seterus, Inc.*, 2020 U.S. Dist. LEXIS 6670, at *6 (same). "When the first-filed rule applies, the proper course is to transfer the second-filed case to the first-filed court to determine how the cases should proceed." *Savage*, at *7.

## II. EQUITY REQUIRES THE COURT TO APPLY THE FIRST-FILED RULE

Because the Plaintiff's Complaint involves an identical defendant and identical claims as those present in *Ciccone* and because *Ciccone* was filed first and seeks to certify a nationwide class of which, by definition, Plaintiff is a member, the first-filed rule dictates that this Court abstain from exercising jurisdiction over the action in favor of transferring the matter to the Court in *Ciccone* in order to avoid duplicitous litigation, inconsistent results and piecemeal resolution of the relevant overlapping issues.

### A. *Ciccone* and the Plaintiff's Complaint Raise Similar Issues and Claims

In considering whether the issues are similar for purposes of applying the first-filed rule "[t]he [] issues need not be identical; the proper inquiry is whether they substantially overlap." *Savage*, at *6. In this instance, there are significant overlapping, if not identical, issues being advanced both in Plaintiff's Complaint and in *Ciccone*.

#### i. *Allegations of the Plaintiff's Complaint*

Here, the Plaintiff alleges that Cavalry, an alleged debt collector, was attempting to collect a consumer debt from him which was originally owed to Citibank, N.A. and which was incurred for personal, family or household purposes. *Complaint*, ¶¶ 8-13, 18. The Plaintiff further alleges that Cavalry transmitted his "personal information to a third-party", including his name, address, existence of the debt in issue, the creditor of the debt in issue and that Plaintiff owes the debt in issue. *Id.*, ¶¶ 20, 21. The Plaintiff claims that the third-party used that personal information provided by Cavalry to create a debt collection letter, the Israr Letter, to be sent to the Plaintiff.

*Id.*, ¶ 22. The Plaintiff alleges that Cavalry's conveyance of this information to the third-party was a "communication[2]" in connection with the collection of a debt. *Id.,* ¶ 24. The Plaintiff alleges that the contents of the Israr Letter reflects the personal information Cavalry allegedly transmitted to the third-party. *Id.*, ¶ 26, 27. The Plaintiff alleges that Cavalry's transmission of Plaintiff's personal information is a violation of § 1692c(b) of the FDCPA. *Id.*, ¶ 28.

As a result, the Plaintiff brings one claim pursuant to the FDCPA, § 1692c(b) as well as one claim pursuant to the FCCPA, § 559.72(5)[3].

### ii.     *Allegations in Ciccone*

Similarly, in *Ciccone*, it is alleged that Cavalry is a debt collector, **Exhibit A**, ¶¶ 9-13, that Cavalry was retained to collect an alleged debt from Ciccone which was originally owed to Citibank, N.A. and which was incurred for personal, family, or household purposes. *Id.*, ¶¶ 22-25. And, just as alleged here, *Ciccone* further alleges that Cavalry sought use of a third-party in order to send written correspondence to the plaintiff and that Cavalry conveyed information regarding the debt in issue to the third-party, that this information included plaintiff's status as a debtor, the amount of the debt and the current creditor of the debt. *Id.*, ¶¶ 29-32. It is alleged that this transmission of information to the third-party was a "communication" pursuant to the FDCPA. *Id.*, ¶ 33. Ciccone alleges that the contents of the Ciccone Letter reflects the personal information Cavalry allegedly transmitted to the third-party. *Id.*, ¶¶ 34, 35. Ciccone alleges that Cavalry's

---

[2] The term communication is defined by the FDCPA as "the conveying of information regarding a debt directly or indirectly to any person through any medium." *15 U.S.C. § 1692a(2).*
[3] Fla. Stat. § 559.72(5) provides that "[i]n collecting consumer debts, no person shall: (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false."

transmission of his personal information to the third-party is a violation of § 1692c(b) of the FDCPA. *Id.*, ¶ 63.

As a result, *Ciccone* reflects claims as to Cavalry pursuant to the FDCPA, § 1692c(b) and § 1692f[4] based upon the same factual allegations as asserted in support of the §1692c(b) claim.

As is abundantly clear, both actions raise similar issues and claims, particularly whether Cavalry is a debt collector, whether Cavalry used a third-party letter vendor to facilitate the sending of the letters in issue, whether, to effectuate same, Cavalry provided information regarding the plaintiffs and the debts in issue without the plaintiffs' consent, whether such conveyance of information was a "communication" pursuant to the FDCPA and whether such acts violate the FDCPA, § 1692c(b). Under such circumstances, application of the "first-filed rule" is appropriate. *See, e.g.*, *Savage*, 2020 U.S. Dist. LEXIS 6670, at *8 (Applying the "first-filed rule" where the plaintiffs in the two actions in issue both asserted the same violations of the FDCPA against the same defendant based upon the receipt of a demand letter from the defendant).

Although the Plaintiff's Complaint also brings a claim pursuant to the FCCPA and *Ciccone* asserts a separate claim against Cavalry alleging that the Ciccone Letter is also false and misleading pursuant to § 1692e as well as claims against SPV pursuant to § 1692c(b), again the issues and claims do not have to be identical, instead the first-filed rule requires only that there be substantial overlap of the operative facts. "Whether cases are substantially similar is a question of substance rather than form as long as the underlying facts are the same the fact that the two complaints allege violations of different laws is not enough to render them substantially dissimilar for purposes of the first-to-file analysis." *Millican v. Gerber Prods. Co.*, No. 21-60602-CIV-

---

[4] 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

SINGHAL/VALLE, 2021 U.S. Dist. LEXIS 112379, at *6 (S.D. Fla. June 10, 2021) (internal citations omitted) (Applying the first-filed rule although the two suits in issue asserted violations if differing state laws but which based their claims on an "identical set of circumstances.").

It is clear that the underlying facts are the same and revolve around Cavalry's alleged use of a letter vendor allegedly in violation of the FDCPA. This element is satisfied and the Court should apply the first-filed rule.

### B.   Plaintiff and Cavalry are Involved in Both Actions

In considering whether the actions are similar for purposes of applying the first-filed rule "[t]he parties and issues need not be identical; the proper inquiry is whether they substantially overlap." *Savage*, at *6. In this instance, Cavalry is a named defendant in *Ciccone* as well as the instant action and the allegations regarding Cavalry's actions are consistent. Specifically, *Ciccone* alleges that Cavalry, in efforts to collect an alleged debt, utilized a third-party vendor to prepare the Ciccone Letter and that in furtherance of this objective, Cavalry conveyed information regarding the alleged debt to the vendor, including the plaintiff's status as a debtor, the amount of the debt and the current creditor of the debt. *Exhibit A*, ¶¶ 29-32. Identically, the Plaintiff here alleges that Cavalry transmitted information regarding the Plaintiff, including plaintiff's status as a debtor, the amount of the alleged debt and the current creditor of the debt, to a third-party for purposes of preparing the Israr Letter which was ultimately sent to the Plaintiff. *Complaint*, ¶¶ 20-22.

Finally, the plaintiffs in both actions overlap. Although the Plaintiff is not a named plaintiff in *Ciccone* and Ciccone is not a plaintiff in the instant action, *Ciccone* reflects the assertion of a nationwide class of "[a]ll consumers where [Cavalry] sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure

8

was made on or after a date one year prior to the filing of this action to the present." **Exhibit A**, ¶ 86 (ii). As the *Ciccone* class period is between May 6, 2020 and May 6, 2021 and the Israr Letter, upon which Plaintiff bases his claims, is dated November 21, 2020, the Plaintiff clearly falls within the *Ciccone* class as it relates to Cavalry. In this regard, it matters not that the Plaintiff has brought his FDCPA claims solely on behalf of himself while *Ciccone* is a class action, and as of yet uncertified. *See, e.g., Yao v. Ulta Beauty Cosmetics, LLC*, No. 18-22213-CIV-ALTONAGA/Goodman, 2018 U.S. Dist. LEXIS 219079, at *7-8 (S.D. Fla. Aug. 8, 2018) ("[E]ven though Plaintiff's FDUTPA claim is an individual one, and even though the Illinois class action is not yet certified, the overlap between the Illinois putative class definition and Plaintiff's claims 'satisfies the similarity of the parties factor.'") (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790-91 (6th Cir. 2016)).

Because Cavalry is a defendant to both actions and Plaintiff would be a member of the *Ciccone* class, the parties to both actions are substantially similar and this first-filed factor is also satisfied. *See, e.g., Rodriguez*, 2020 U.S. Dist. LEXIS at *9 ("Regarding the second factor, both Trottier and this case involve the same defendants — Granite Services and FieldCore. Although Jose Luis Rodriguez, Jr., the named plaintiff in this case, seemingly is not currently a party to the Trottier case, Rodriguez still has the opportunity to join that case. Indeed, Rodriguez falls squarely within the putative class, as defined by the complaint in Trottier. Accordingly, the parties are substantially similar for purposes of the first-filed rule.").

### C.     Chronologically, *Ciccone* is the First-Filed Action

Finally, there can be no dispute that the chronology factor in the Court's analysis is satisfied: *Ciccone* was instituted on April 30, 2021 and amended to assert a nationwide class on May 6, 2021, *see,* **Exhibit B**, while the instant action was not initiated until July 3, 2021. *See,*

*Complaint*. As such, this factor favors application of the first-filed rule. *See, e.g., Rodriguez v. Granite Servs. Int'l*, 2020 U.S. Dist. LEXIS 214911, at *8 ("The first factor is satisfied because [the first filed case] was filed in January 2020 and the instant case was filed approximately nine months later, on September 10, 2020."). Nor does the Court's analysis change based upon the Plaintiff's assertion of an FCCPA claim not present in *Ciccone* which only pursues FDCPA claims. Indeed, "[c]ourts have rejected similar attempts to evade the first-to-file rule by raising a single additional claim not present in the first filed action." *Yao v. Ulta Beauty Cosmetics, LLC*, 2018 U.S. Dist. LEXIS 219079, at *6 (collecting cases).

All factors are satisfied for purposes of applying the "first-filed rule" and the Court should grant Cavalry's motion.

### III. NO COMPELLING CIRCUMSTANCES WARRANT DEVIATION FROM APPLICATION OF THE FIRST-FILED RULE

Once a party has shown that the two actions in issue substantially overlap and that the first-filed rule should be applied, the Eleventh Circuit "require[s] that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 (11th Cir. 2005) (internal quotations omitted). Here there are no such compelling circumstances.

Initially, "[a]mong the compelling circumstances that may justify departing from the rule are instances where one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum." Supreme Int'l Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604, 606 (S.D. Fla. 1997). This is not the case in *Ciccone* and the instant action.

Nor is it anticipated that the Plaintiff will be able to identify any other compelling circumstances. Instead, both cases are in the early stages of litigation with Plaintiff's action just being commenced in federal court less than a month ago and *Ciccone* only having had the

defendants file answers to the complaint and an initial conference set for September. *See,* **Exhibit B**. Thus, "this is not a situation where a second-filed matter has proceeded far beyond a first-filed matter, such that it becomes impractical to dismiss or stay the [second]-filed matter." *Yao v. Ulta Beauty Cosmetics, LLC*, 2018 U.S. Dist. LEXIS at *10 (Rejecting that any compelling circumstances were present where both actions were in the very early stages of litigation).

Furthermore, venue of this action in the Eastern District of New York is more convenient as Cavalry is located in New York, *Complaint*, ¶ 6; **Exhibit A**, ¶ 7, and thus its witnesses and evidence related to its alleged use of a third-party letter vendor would similarly be found in New York which weighs against any compelling circumstance trumping the "first-filed rule". *See, Yao*, 2018 U.S. Dist. LEXIS at *10-11 (applying the first-filed rule and transferring the second action to Illinois where "Defendants reside in Illinois", "[w]itnesses and evidence related to Defendants' nationwide policies are located at the Illinois headquarters, and the locus of operative facts related to the alleged nationwide policy [] is that headquarters as well").

Finally, "consolidating this case with the nearly identical [*Ciccone*] action would prevent [Cavalry] from defending against the same allegations in multiple jurisdictions, thus preserving both party and judicial resources." *Id.,* at *11.

Here, there are simply no compelling circumstances present which would warrant deviation from the first-filed rule. Instead, all elements of the rule are satisfied and this Court should apply the rule and transfer this action to the Court of first jurisdiction, the Eastern District of New York, for that Court to decide whether the Plaintiff's Complaint should be "dismissed, stayed, or consolidated" with the first-filed action. *Rodriguez*, 2020 U.S. Dist. LEXIS 214911, at *12.

## CONCLUSION

WHEREFORE, Defendant, Cavalry Portfolio Services, LLC respectfully requests that the Court grant its motion, and transfer this action to the Court with jurisdiction over the first-filed action for disposition, the United States District Court for the Eastern District of New York, and that the Court provide such further relief as it deems just and proper.

## RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), United States District Court, Southern District of Florida, the undersigned counsel for Cavalry conferred with counsel for Plaintiff who opposes the relief sought in this motion.

Dated: August 19, 2021                   Respectfully submitted,

**CAVALRY PORTFOLIO SERVICES, LLC,**

By:   /s/ Christopher P. Hahn
      Christopher P. Hahn, Esq.
      Fla. Bar No. 87577
      MAURICE WUTSCHER LLP
      2255 Glades Road, Suite 324A
      Boca Raton, FL 33431
      Tel: (772) 237-3410
      Fax: (866) 581-9302
      chahn@MauriceWutscher.com
      litigation@MauriceWutscher.com

## Certificate of Service

      The undersigned hereby certifies that, on this **19th day of August, 2021**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.

                                                    /s/Christopher P. Hahn